```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| QU WANG, | 1:16-cv-08772-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| FU LEEN MENG RESTAURANT LIMITED LIABILITY COMPANY doing business as FU LEEN MENG, JIAN SHAO, LEWEN SHAO, YAN YING SHAO, | |
| Defendants. | |

**APPEARANCES**:

KELI LIU
HANG & ASSOCIATES PLLC
136-20 38TH AVENUE
SUITE 10G
FLUSHING, NY 11354
    On behalf of Plaintiff

**HILLMAN, District Judge**

Presently before the Court is the motion of Plaintiff for default judgment in his favor on his claims against Defendants concerning Defendants' failure to pay him the proper regular and overtime wages in violation of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56 et seq. For the reasons expressed below, Plaintiff's motion will be granted.

**BACKGROUND**

According to his complaint,[1] from March 23, 2016 to August 14, 2016, Plaintiff, Qu Wang, was employed as a delivery worker by Defendant Fu Leen Meng Restaurant Limited Liability Company d/b/a Fu Leen Meng, a Chinese restaurant. Plaintiff claims that he worked six days a week with Wednesdays off totaling 73 hours per week. Monday through Thursday and on Sunday, Plaintiff worked from 10:30 a.m. to 10:30 p.m. for twelve hours each day without break; on Friday and Saturday, Plaintiff worked from 10:30 a.m. to 11:30 p.m. for thirteen hours without break. Plaintiff claims that throughout his employment, he was paid by cash at a fixed rate of $1,400 per month regardless of the actual hours he worked. Plaintiff also claims that he was never reimbursed for "tools of the trade" expenses related to making deliveries, including $900 he spent on vehicle maintenance.

Plaintiff alleges that the owners and operators of Fu Leen Meng, Defendants Jian Shao, Lewen Shao, and Yan Ying Shao, knowingly and willfully operated their business with a policy of not paying him the proper minimum wage and the proper overtime wage, and by not reimbursing him for his "tools of the trade"

---

[1] Plaintiff filed his complaint on behalf of himself and as a collective action on behalf of similarly situated employees. Plaintiff's motion for default judgment only seeks individual relief.

expenses, in violation of the FLSA and NJWHL.

Plaintiff filed his complaint on November 23, 2016, and it was served on Defendants on December 6, 2016. Defendants failed to appear in the action, and the Clerk entered default at Plaintiff's request on June 21, 2017. Thereafter, Plaintiff filed the instant motion for default judgment, seeking judgment for unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action.

## DISCUSSION

**A. Subject Matter Jurisdiction**

This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey state law claims pursuant to 28 U.S.C. § 1367(a).

**B. Default**

The first step in obtaining a default judgment is the entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Clerk entered default against Defendants on June 21, 2017.

**C. Default Judgment**

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading." Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). However, a party seeking default judgment "is not entitled to a default judgment as of a right." Franklin v. Nat'l Maritime Union of America, 1991 U.S. Dist. LEXIS 9819, at *3-4 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992). The decision to enter a default judgment is "left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

Although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel, 558 F. Supp. 2d at 535 (citing Directv, Inc. v.

4

Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). If a review of the complaint demonstrates a valid cause of action, the Court must then determine whether plaintiff is entitled to default judgment.

**C. Analysis**

    **1. Whether Plaintiff has stated a cause of action**

In order to determine whether Plaintiff has stated a valid cause of action against Defendants, Plaintiff's allegations must be accepted as true and applied to the standards for determining violations of the FLSA and NJWHL.

Under the FLSA, employees must be paid one and a half times their "regular rate" of pay for each hour worked in excess of 40 hours a week against an employer.[2] 29 U.S.C. § 207(a)(1). In

---

[2] Certain employees - those classified as working in a "professional capacity" - are exempt from the FLSA overtime wage requirements. Plaintiff alleges (see Docket No. 1 at 4-5), and the Court accepts as true for purposes of determining default judgment, that Plaintiff was an employee who is not exempt from

5

order to state an FLSA overtime claim, a plaintiff must allege "forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 242 (3d Cir. 2014) (internal citations omitted).

The FLSA also provides for individual liability against employers. The FLSA defines "employer" as "any person acting directly or indirectly in the interests of an employer in relation to an employee." 29 U.S.C. § 203. "Courts employ a broad interpretation of 'employer' within the context of the FLSA as to 'effectuate the FLSA's liberal, remedial purposes.'" Santiago v. Lucky Lodi Buffet Inc., 2016 WL 6138248, at *2 (D.N.J. 2016) (citation omitted). The determination of

---

the FLSA overtime wage requirements. See Guthrie v. Lady Jane Collieries, Inc., 722 F. 2d 1141, 1143 (3d Cir. 1983) (explaining that exemptions from the FLSA are to be narrowly construed against the employer, and the employer has the burden of establishing an exemption); Pignataro v. Port Authority of New York and New Jersey, 593 F. 3d 265, 268 (3d Cir. 2010) (citing 29 U.S.C. § 213(a)(1)) (explaining that employees who work in a "professional capacity" are exempt from the FSLA overtime requirement); 29 C.F.R. § 541.3(a)(1) (providing that in order to qualify as a "learned professional" an employee's primary duties must consist of: "Work requiring knowledge of an advance [sic] type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes.").

6

employer status depends on control. Id. (citation omitted). Factors to consider include whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Id. (citing Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999)) (other citations omitted).

The NJWHL mirrors its federal counterpart. Nieves v. Top Notch Granite & Marble LLC, 2011 WL 2937352, at *3 (D.N.J. 2011) (citing Crisostomo v. Exclusive Detailing, Inc., 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (finding that the NJWHL is analogous to the FLSA and therefore "interpretations construing FLSA are applicable").

Here, Plaintiff's complaint alleges that he worked in excess of 40 hours a week, and he was not paid one and a half times his regular rate of pay for those additional hours. Plaintiff's complaint also alleges that Fu Leen Meng owners and operators, Jian Shao, Lewen Shao, and Yan Ying Shao, had the power to hire and fire the employees, supervised and controlled employee work schedules and conditions of employment, determined the rate and method of payment, and maintained employment

records. These allegations, when accepted as true, show that Plaintiff has demonstrated Defendants' violation of the FLSA and NJWHL.

### 2. Whether Plaintiff is entitled to a default judgment

Because it has been determined that Plaintiff has stated viable causes of action for violations of the FLSA and NJWHL, it must be determined whether Plaintiff is entitled to a default judgment. As stated above, prior to entering judgment on the counts where a valid cause of action has been established, three factors must be considered: (1) prejudice to the plaintiff if default judgment is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct. Chamberlain, 210 F.3d at 164.

#### a. Prejudice to plaintiff

Plaintiff will be prejudiced absent a default judgment because Defendants' failure to respond to Plaintiff's claims leaves Plaintiff with no other means to vindicate his claims.

#### b. Existence of meritorious defense

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete

8

defense." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 869-70 (3d Cir. 1984); accord $55,518.05 in U.S. Currency, 728 F.2d at 195; Feliciano, 691 F.2d at 657; Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Here, it is axiomatic that the Court cannot consider Defendants' defenses because Defendants have failed to respond to this action. See Prudential Ins. Co. of America v. Taylor, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. 2009) ("[B]ecause Ms. Ducker has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses."); Santiago v. Lucky Lodi Buffet Inc., 2016 WL 6138248, at *3 (D.N.J. 2016) (in an motion for default judgment on a plaintiff's FLSA claims, finding that "in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense").

### c. Whether Defendants' delay is the result of culpable conduct

Defendants' delay appears to be the result of culpable conduct. "Culpable conduct is dilatory behavior that is willful or in bad faith." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123 (3d Cir. 1983). Plaintiff served Defendants with his complaint on December 6, 2017, they failed to respond by their December 26, 2017 deadline, and they have never appeared

since. Plaintiff's counsel's affidavit in support of default represents that Defendants are not minors, they are not incompetent, and they have not been engaged in military service. Therefore, Defendants' failure to appear in the action can be deemed willful. See, e.g., Santiago, 2016 WL 6138248, at *3 (finding that "Defendants acted culpably as they have been served with the Complaint and Defendants are not infants, otherwise incompetent, or presently engaged in military service").

Consequently, because the Court has found that Plaintiff shall be prejudiced if default judgment is not granted, Defendants do not have a meritorious defense, and Defendants' failure to appear in this case is the result of their culpable misconduct, judgment shall be entered in Plaintiff's favor on his FSLA and NJWHL claims.

**3. Damages**

In order to determine what damages Plaintiff is entitled to for his judgment against Defendants, the Court may "conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2); cf. Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim

is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."); Jonestown Bank and Trust Co. v. Automated Teller Mach., Services, Inc., 2012 WL 6043624, *4 (M.D. Pa. 2012) (citing 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010) ("[T]he 'hearing' may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue.")).

### a. FLSA claim

As to Plaintiff's FLSA claims, the Court finds that a hearing is not necessary because Plaintiff's proofs submitted in support of his motion for default judgment adequately establish his damages. See 29 U.S.C. § 216(b) (explaining that employers who violate the FLSA's provisions are liable to the affected employees for the amount of their unpaid minimum wages or their unpaid overtime compensation); Santiago, 2016 WL 6138248, at *3 (citing Davis, 765 F.3d at 241) (other citation omitted) (explaining that "to recover overtime compensation under the FLSA, an employee . . . must show the amount and extent of his overtime work as a matter of just and reasonable inference," and

in light of the FLSA's remedial purposes, an employee can meet his burden to establish that he performed work for which he was not properly compensated "through estimates based on his own recollection").

Plaintiff relates that for each of the 21 weeks he was employed by Defendants, he worked 73 hours, which amounts to 33 overtime hours. Plaintiff relates he was paid a fixed rate of $1,400 per month.

Based on these representations, Plaintiff's weekly pay was $350.00 ($1400 / 4 weeks = $350 per week). His regular rate of pay was therefore $8.75 per hour ($350 / 40),[3] and his overtime rate was $13.13 per hour ($8.75 / 2 = $4.38 + $8.75). For the 21 weeks Plaintiff worked for Defendants, he received $7,350 for his regular pay (21 weeks x 40 regular hours = 840 hours x $8.75), but Defendants failed to pay Plaintiff $9,099.09 in overtime pay (21 weeks x 33 overtime hours = 693 hours x $13.13).[4] Plaintiff

---

[3] The exact amount of overtime wages owed to Plaintiff is based on his "regular rate," or his rate per hour. 29 C.F.R. § 778.109. Where employees were paid a monthly salary, the regular rate is calculated by dividing the salary by 40 hours a week. Id. Lawful pay is then calculated by taking the greater of the Plaintiff's actual regular rate, or the proper pay based on a regular rate at the federal minimum. Id. § 778.109-113(a).

[4] Plaintiff's calculation of damages (Docket No. 13-6) is slightly different from the Court's, with the Court's calculation resulting in $133.50 additional unpaid compensation to Plaintiff.

12

is therefore entitled to $9,099.09 in unpaid overtime compensation.[5]

The FLSA also provides for liquidated damages in the same amount as an employee's actual damages. 29 U.S.C. § 216(b). An employee is entitled to liquidated damages unless the employer shows its actions were "in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA. Brock v. Claridge Hotel & Casino, 846 F.2d 180, 187 (3d Cir. 1988) (citing 29 U.S.C. §§ 216(b), 260). Where, as here, a defendant has failed to appear, and has not presented any evidence regarding good faith, a court should award liquidated damages to the plaintiff. See Santiago, 2016 WL 6138248, at *4; Garcia-Martinez v. V. Puzino Dairy, Inc., 2014 WL

---

[5] This calculation does not factor in Plaintiff's tools of the trade expenses that he claims he incurred and Defendants did not reimburse. Under the FLSA, "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." 29 C.F.R. § 531.35. Plaintiff, who made 50-60 deliveries each day, claims that Defendants did not reimburse him for his monthly gasoline and maintenance expenses, which totaled $600 each month ($400 for gas, $200 maintenance). Plaintiff therefore claims that Defendants failed to pay him $150 in "tools of the trade" expenses per week, or $3,150 over his 21-weeks of employment. Such a failure alters the regular and overtime compensation calculations, but Plaintiff has not requested that reimbursement in his calculation of damages, and the Court otherwise finds that such damages must be supported with proof beyond Plaintiff's general claims.

7011536, at *2 (D.N.J. 2014) (quoting Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 908 (3d Cir. 1991)) (awarding double damages to the plaintiff because a "defendant employer's burden of proof [to show good faith and reasonable grounds to violate the FLSA] is a difficult one to meet," "[d]ouble damages are the norm, single damages the exception," and the defendants did not present any evidence regarding any good faith attempt to comply with the law). Plaintiff is therefore entitled to liquidated damages in the amount of $9,099.09, which makes the total damage award to be $18,198.18.

Finally, in addition to costs of suit, the FLSA authorizes "a reasonable attorneys' fee to be paid by the Defendant, and costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The Third Circuit uses, and the Supreme Court has endorsed, a "lodestar" approach for calculating fees in FLSA cases. Maldonado v. Lucca, 636 F. Supp. 621, 628 (D.N.J. 1986) (citations omitted); see also Souryavong v. Lackawanna County, 872 F.3d 122, 128 (3d Cir. 2017) (in an FLSA case, explaining that the lodestar approach, where "the number of hours worked multiplied by the prevailing hourly rate," carries a strong presumption of reasonableness).

Plaintiff's counsel has provided a certification that demonstrates she billed 15.8 hours at $325.00 per hour, totaling

$5,135.00.  The billing records show that aside from preparing, filing, and serving the complaint, the bulk of counsel's time was spent drafting and preparing the motion for default judgment. The Court finds that counsel's hourly rate and hours expended in this matter are reasonable.  See, e.g., Santiago, 2016 WL 6138248, at *4 (in granting default judgment in an FLSA wage case, finding reasonable 15.90 hours at the hourly rates of $450 and $375); Iqbal v. Makf Enterprises Inc., 2016 WL 6275598, at *3 (D.N.J. 2016)(in granting default judgment in an FLSA wage case, finding reasonable 13.6 hours at the hourly rates of $350 and $275); Punter v. Jasmin Intern. Corp., 2014 WL 4854446, at *8 (D.N.J. 2014) (in granting default judgment in an FLSA wage case with two plaintiffs and two different attorneys, finding reasonable 22 hours at $350 and 18 hours at $300).  Plaintiff is therefore entitled to $5,135.00 in attorney's fees and $623.80 in costs.[6]

**b. NJWHL claim**

The standard for proving damages under the NJWHL is similar to that under the FLSA.  Adami v. Cardo Windows, Inc., 2015 WL 1471844, at *12 n.15 (D.N.J. 2015); Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014) (explaining that

---

[6] The filing fee was $400.00 and cost of service was $223.80.

the "FLSA and its state-law counterpart, the New Jersey Wage and Hour Law, allow employees to sue their past or present employers for various employment-related causes of action," and the NJWHL's language is substantially similar to the FLSA). A plaintiff may also recover attorney's fees and costs pursuant to N.J.S.A. 34:11-56.8.

Plaintiff is seeking the same amount in liquidated damages for his NJWHL claim as his FSLA claim.[7] Several courts have noted, however, that a plaintiff who prevails on his FLSA claim cannot receive duplicative damages for his identical NJWHL claim, and that liquidated damages are not available under the NJWHL. See Ferreras v. American Airlines, Inc., 2017 WL 1156737, at *4 (D.N.J. 2017) ("It is now well-settled law that the relief available for a cause of action concerning an alleged failure to pay overtime wages pursuant to the NJWHL is limited to unpaid wages, costs, and reasonable attorneys' fees, and that the NJWHL does not provide for liquidated damages, injunctive relief, or punitive damages."); Looi v. Wang, 2015 WL 64650, at *3 (D.N.J. 2015) (in granting default judgment to plaintiff on his FLSA and NJWHL law claims, the court awarded plaintiff his unpaid compensation and liquidated damages in the same amount as his

---

[7] It does not appear that Plaintiff is seeking a double recovery of his unpaid overtime compensation.

unpaid wages, but did not double that amount for the NJWHL claim); Nieves v. Top Notch Granite & Marble LLC, 2011 WL 2937352, at *3 (D.N.J. 2011) (explaining that a plaintiff cannot recover under both the FLSA and NJWHL, since recovery under the NJWHL would duplicate recovery under the FLSA); cf. Krause v. Cherry Hill Fire Dist. 13, 969 F. Supp. 270, 279 n.12 (D.N.J. 1997) (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715 (1945)) (noting that in the context of wage disputes under the FLSA, a plaintiff cannot recover both liquidated damages and pre-judgment interest, and that "liquidated damages serve 'as compensation for delay in payment of sums due under the FLSA'").

Thus, even though it appears that a double recovery of his unpaid wages would be improper, and that liquidated damages are not available under the NJWHL, the Court will provide Plaintiff an opportunity to file a supplemental submission to justify the damages he seeks for Defendants' violation of the NJWHL.

## CONCLUSION

Plaintiff is entitled to default judgment in his favor on his claims that Defendants violated the FLSA and NJWHL by failing to pay him the proper overtime wages.[8] For the FLSA violations,

---

[8] Defendants are held jointly and severally liable for the FLSA violations, in addition to their individual direct liability. Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 148 (3d Cir. 2014).

17

Plaintiff is entitled to judgment in the amount of $9,099.09 in unpaid overtime wages, $9,099.09 in liquidated damages, $5,135.00 in attorney's fees, and $623.80 in costs.  The Court will refrain from entering a judgment until Plaintiff has filed his supplemental brief regarding the availability of damages for Defendants' NJWHL violations.  Plaintiff's submission shall be due within 15 days of the date of this Opinion, after which time the Court will enter final judgment.

    An appropriate Order will be entered.

Date:  February 23, 2018          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.